UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | No. 16 C 6496 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| MICHAEL REILLY, | ) | |
| | ) | |

# OPINION AND ORDER

Michael Reilly was convicted of bank robbery, 18 U.S.C. § 2113(a), and sentenced to 151 months in prison, based, in part, on the sentencing court's determination that he was a career offender under the United States Sentencing Guidelines. Reilly moves pursuant to 28 U.S.C. § 2255 for relief from his original sentence arguing that the Sentencing Guidelines definition of a career offender is unconstitutionally vague. The Supreme Court's decision in *Beckles v. United States*, --- U.S. ----, 137 S. Ct. 886, 137 S. Ct. 886 (2017), held that the Sentencing Guidelines are not subject to vagueness challenges. The Court therefore dismisses Reilly's motion.

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the Court finds that the convicted defendant is entitled to relief then "the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine

the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2211(b). However, if the Court finds that "the files and records of the case conclusively show that the prisoner is entitled to no relief," then the Court is permitted to dismiss the motion. *Id.*; *see also Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010); *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004); Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## ANALYSIS

Reilly pleaded guilty to bank robbery and was sentenced on December 11, 2008 to 151 months imprisonment, with the sentencing court finding that Reilly was a career offender under the Sentencing Guidelines, U.S.S.G. §4B1.1. In 2008,[1] a judge could sentence a defendant as a "a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction [was] a felony either a crime of violence or a controlled substance offense; and (3) the defendant [had] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The term crime of violence in § 4B1.1(a)(3) meant any federal or state felony that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 4B1.2(a) (emphasis added). The emphasized clause is known as the residual clause. *Beckles*, 137 S. Ct. at 890. Seven years after Reilly's sentence, the United States Supreme Court declared in *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551, 192 L. Ed. 2d

---

[1] The Court reviews the guidelines in effect the year in which Reilly was sentenced. *See Beckles*, 137 S. Ct. at 890 (reviewing version of Sentencing Guidelines that "were in effect when petitioner was sentenced").

569 (2015), that an identically worded residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.

Reilly filed his § 2255 motion, arguing that *Johnson* applies to the Sentencing Guidelines' career offender residual clause. The Court stayed Reilly's case to await the outcome in *Beckles*. After the Supreme Court decided *Beckles*, the Court set a briefing schedule. The Government filed a response, but Reilly did not file a reply. *Beckles* makes it clear that *Johnson* does not apply to the Sentencing Guidelines' career offender residual clause because "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 895. "[Section] 4B1.2(a)'s residual clause is not void for vagueness." *Id.* Because the Sentencing Guidelines and § 4B1.2(a) are not unconstitutionally vague and *Johnson* does not apply, Reilly's challenge to his sentencing fails. *See Martin v. United States*, No. 115CV00692LJMDML, 2017 WL 4099306, at *2 (S.D. Ind. Sept. 15, 2017) ("In other words, the holding in Johnson does not apply to cases, like the Petitioners, that challenge a guideline calculation."); *United States v. Lewis*, No. 3:11-CR-86 JD, 2017 WL 3315079, at *1 (N.D. Ind. July 31, 2017) ("Therefore, even though the Sentencing Guidelines and the Armed Career Criminal Act share a similar 'residual clause,' *Johnson* has no effect on the Sentencing Guidelines."); *Smith v. United States.*, No. 11-CR-104-WMC, 2017 WL 2601902, at *2 (W.D. Wis. June 15, 2017) ("*Beckles* eliminates petitioner's argument that he is entitled to relief under *Johnson*. Accordingly, his motion will be denied." (internal footnote omitted)); *Blair v. United States*, No. 16-CV-790-PP, 2017 WL 2559983, at *2 (E.D. Wis. June 13, 2017) ("Under the *Beckles* decision, then, Judge Randa did not impose an unconstitutional sentence when he sentenced the petitioner under the career offender guideline. For this reason, the court must deny the petition, and dismiss this case.").

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). The requirement of a certificate of appealability is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds that there is no showing of a substantial constitutional question for appeal because reasonable jurists would not find this Court's ruling debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court the Court denies Reilly's motion, terminating his case, and denies a certificate of appealability.

Dated: December 12, 2017

_____
SARA L. ELLIS
United States District Judge